UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRINA JONES, | ) | CASE NO. 1:24-CV-1517 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| TEXAS ATTORNEY GENERAL CHILD | ) | **ORDER** |
| SUPPORT DIVISION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I.    INTRODUCTION**

*Pro se* Plaintiff Trina Jones has filed a civil complaint against the Texas Attorney General Child Support Division and the Fort Bond County [Texas] Child Support Office. (ECF No. 1, PageID #1–2). Her complaint pertains to child support payments she indicates were ordered in Texas and that she "has been filing and trying to receive" from Defendants since 2002. (*Id*. at PageID #7–8.) She states she has lost thousands of dollars in child support due to their errors and lack of communication. (*Id*. at PageID #8). Although her complaint does not allege a clear legal claim(s), she asserts subject matter jurisdiction in the case is based on diversity of citizenship, and she seeks damages for "negligence, and emotional, mental and physical stress." (*Id*. at PageID #9–10)

Plaintiff did not pay the filing fee but filed a motion to proceed *in forma pauperis*. (ECF No. 2). That motion is **GRANTED** and, for the following reasons, her complaint is **DISMISSED**.

**II.    STANDARD OF REVIEW AND DISCUSSION**

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such

1

complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Federal courts are also courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Court finds that Plaintiff's complaint must be dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). First, the Eleventh Amendment bars actions in federal court in which a state is named as a defendant, as well as actions "against state agents and state instrumentalities." *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997). Local governments and local government agencies may also be entitled to Eleventh Amendment protection when they "serve as an alter ego or arm of the state" when acting on a particular issue. *Denton v. Bedinghaus*, 40 F. App'x 974, 978 (6th Cir. 2002); *Brent v. Wayne Cnty. Department of Hum. Services*, 901 F.3d 656, 681 (6th Cir. 2018).

It is apparent on the face of Plaintiff's complaint that both Defendants are entitled to Eleventh Amendment immunity from suit regarding the administration of child support payments ordered in Texas. *See, e.g., Briggman v. Virginia, Dept. of Soc. Services, Div. of Child Support Enforcement*, 526 F. Supp. 2d 590, 601 (W.D. Va. 2007) (holding that state child support agency was immune, under the Eleventh Amendment, from plaintiff's civil rights action). Even if Defendants were not entitled to immunity, Plaintiff's complaint is subject to dismissal for lack of personal jurisdiction. To summon an out-of-state defendant into federal court, a plaintiff must demonstrate a basis for an exercise of personal jurisdiction. "To determine whether personal jurisdiction exists over a nonresident defendant, federal courts apply the law of the forum state,

2

subject to the constitutional limits of due process." *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998). To establish a prima facie case of personal jurisdiction in a case in Ohio, a plaintiff must demonstrate that both due process and Ohio's long-arm statute are satisfied. *Schneider v. Hardesty*, 669 F.3d 693, 699 (6th Cir. 2012).

"[T]he crucial federal constitutional [due process] inquiry is whether, given the facts of the case, the nonresident defendant has sufficient contacts with the forum state that the district court's exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996), citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Here, the alleged wrongful conduct and omissions of Defendants of which Plaintiff complains occurred only in Texas. Her complaint contains no allegations suggesting that Defendants engaged in any conduct in, or had any contacts at all with, the State of Ohio, much less the minimum contacts necessary to satisfy constitutional due process. Therefore, notwithstanding that Defendants are entitled to Eleventh Amendment immunity, Plaintiff's complaint is also subject to dismissal for lack of personal jurisdiction. *See, e .g., Hasan v. Waxxis Inv. N.V.*, No. 88-5603, 1988 WL 134513, at *1 (6th Cir. Dec. 16, 1988) (affirming sua sponte dismissal of *pro se* complaint for failure to state a claim and lack of personal jurisdiction).

### III. CONCLUSION

For these reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and her complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: January 6, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**